The Honorable Kevin A. Smith State Senator 1609 Coker Hampton Drive Stuttgart, AR 72160
Dear Senator Smith:
 This is in response to your request for an opinion on whether A.C.A. § 4-96-202 (Repl. 1991) mandates imprisonment for a violation of subchapter 2 of Chapter 96 of Title 4, which prohibits alteration or tampering with "hour meters" on farm machinery. Subsection (b) of § 4-96-202 states:
 Any person who is found to have violated the provisions of this subchapter shall be guilty of a Class A misdemeanor and shall be imprisoned not more than one (1) year and subject to a fine of not more than one thousand dollars ($1,000).
It is my opinion that imprisonment is not mandatory under this provision. In my opinion, the word "shall," as it appears in subsection (b), does not mandate the stated penalties, but rather may reasonably be construed as incorporating the existing sentencing options for a Class A misdemeanor. Arkansas Code Annotated § 5-4-401(b), a part of the Arkansas Criminal Code, states:
 A defendant convicted of a misdemeanor may be sentenced according to the following limitations:
 (1) For a Class A misdemeanor, the sentence shall not exceed one (1) year.
See also A.C.A. § 5-4-201(b)(1) regarding the fine (a defendant convicted of a Class A misdemeanor "may be sentenced to pay a fine . . . [n]ot exceeding one thousand dollars ($1,000). . . ."
When read together with the relevant existing sentencing provisions for Class A misdemeanors, Section 4-96-202(b) may, in my opinion, be interpreted as a restatement of the sentencing options, rather than a mandate to impose imprisonment as a penalty. The Arkansas Supreme Court has recognized that the word "shall" may in certain circumstances be construed as the equivalent of "may" in order to carry out legislative intent.Ark. State Highway Commission v. Mabry, 229 Ark. 261,315 S.W.2d 900 (1958) (holding that if the language of a statute considered as a whole and with due regard to its nature and object reveals that the legislature intended to use words "shall" and "must" to be directory, they should be given that meaning). I cannot conclude, absent any evidence of legislative intent to this effect, that the legislature intended to use the word "shall" as mandating imprisonment in this instance in light of the resultant departure from existing sentencing provisions flowing from such a construction.
This conclusion is, moreover, compelled by strict construction accorded penal measures. See Bennett v. State, 252 Ark. 128,130, 477 S.W.2d 497 (1972). Nothing will be taken as intended which is not clearly expressed under a penal provision, and all doubts must be resolved in favor of the defendant. Id.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh